UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES LIABILITY
INSURANCE COMPANY,

    Plaintiff,

vs.                              Case No.: 8:09-cv-1450-T-17TBM

STONE MANAGEMENT, LLC f/k/a
STONE MANAGEMENT, INC., SHARON
PETRICK, GERD PETRICK, KERI NAKAMOTO,
and KAMEJIRO, INC.,

    Defendants.

_____/

## ORDER

THIS CAUSE is before the Court on Defendants', Stone Management, LLC f/k/a Stone Management, Inc., Sharon Petrick, Gerard Petrick, Keri Nakamoto, and Kamejiro, Inc. (hereinafter Defendants), Motions to Dismiss Complaint. (Dkt. 8, 12, 19).

## BACKGROUND and PROCEDURAL HISTORY

This case was originally filed on or about July 30, 2009 in the Middle District of Florida. (Dkt. 1). United States Liability Insurance Company (hereinafter Plaintiff) seeks a declaratory judgment to find that it is has no duty to indemnify or defend for a lawsuit that Keri Nakamoto (hereinafter Defendant-Nakamoto) has filed against Stone Management (hereinafter Defendant-Stone Management). (Dkt. 1). Defendant-Nakamoto

1

has filed two lawsuits in State Court against Stone Management, as well as executives of Defendant-Stone Management, alleging: (1) civil rights violations; (2) breach of employment contract and consulting agreements; accounting; (3) whistle blower violations; (4) battery; (5) intentional infliction of emotional distress; (6) defamation; and (7) sexual harassment and/or retaliation. (Dkt. 1).

Plaintiff insures Defendant-Stone Management and has been providing a defense to Stone Management, Gerd Petrick, and Sharon Petrick. (Dkt. 1) Plaintiff has informed these insureds that it intends to seek a declaration of the right to rescind the policy. (Dkt. 1). Plaintiff avers that neither lawsuit is covered because of certain provisions or exclusions in the insurance policy. (Dkt. 1). Plaintiff claims that it has the right to do this because material misrepresentations were made while Defendants were filling out the insurance application. (Dkt. 1). Alternatively, Plaintiff alleges that Defendant-Nakamoto had knowledge about facts and circumstances that could have resulted in her subsequent claim, but she failed to disclose them during the application process. (Dkt. 1).

Plaintiff has filed a four count complaint for declaratory judgment. (Dkt. 1). In Count I, Plaintiff seeks recission of the policy. (Dkt. 1). Plaintiff asserts that it should be able to rescind the policy because it alleges that Defendant-Nakamoto made material misrepresentations when she was filling out the application for coverage. (Dkt. 1). Plaintiff also avers that Defendant-Stone Management made misrepresentations on its financial statement, which Plaintiff considers to be a material misrepresentation. (Dkt. 1). Plaintiff states that it would not have agreed to bind the policy for Defendant-Stone

2

Management, and it would not have issued the policy, had Defendant-Nakamoto provided accurate information, which she did not do. (Dkt. 1). As such, Plaintiff states that it needs to know whether or not it is able to rescind the policy, which is the basis of its declaratory judgment claim. (Dkt. 1).

Count II of Plaintiff's Complaint alleges that it has no duty to defend based on stated provisions in the insurance agreement. (Dkt. 1). Plaintiff alleges this because it claims that Defendant-Nakamoto had knowledge or otherwise had a reasonable basis to anticipate that she might have a lawsuit against Defendant-Stone Management because she believed that she was being sexually harassed at the time she applied for the insurance application on behalf of Defendant-Stone Management. (Dkt. 1). As such, Plaintiff alleges that because Defendant-Nakamoto knew about the facts that would eventually become the basis for her suit, Plaintiff has no duty to defend any subsequent lawsuit because the policy does not apply. (Dkt. 1).

In Count III of Plaintiff's Complaint, Plaintiff claims that there is no coverage under the policy as to each claim or count of Defendant-Nakamoto's lawsuits. (Dkt. 1). Plaintiff avers this because Nakamoto had reason to know of circumstances that would likely lead her to file a claim against Stone Management. (Dkt. 1). As such, Plaintiff claims that there should be no coverage under the policy. (Dkt. 1).

Count IV of Plaintiff's Complaint alleges that Plaintiff is entitled to reimbursement of attorney's fees and expenses incurred in the defense of the Defendants to date. (Dkt. 1). Plaintiff claims that pursuant to Florida law, if Plaintiff is allowed to rescind the policy

3

agreement, then it is entitled to reimbursements from the Defendants for the attorney's fees that it has paid out in its defense of Defendant-Stone Management and its executives. (Dkt. 1).

On or about August 31, 2009, Defendant-Stone Management moved to dismiss Plaintiff's Complaint. (Dkt. 8). Defendant-Stone Management claims that Defendant-Nakamoto's claims all arose after Defendant-Nakamoto was terminated, which was after the policy was in effect. (Dkt. 8). Defendant-Stone Management claims that Plaintiff's claim rests only on beliefs, not facts. (Dkt. 8). Defendant-Stone Management also avers that no wrongdoing has occurred. (Dkt. 8). Instead, Defendant-Stone Management argues that Plaintiff's Complaint fails to state a cause of action because: (1) though supposedly questioning coverage, it actually contests liability; (2) the uncertainty and innate doubt of the hypothetical factual premises upon which the Complaint is premised make this action one seeking an advisory judgment; and (3) the action is not yet ripe for determination. (Dkt. 8). Defendant-Stone Management also states that state court would be a more appropriate forum for this action. (Dkt. 8). Defendant-Stone Management also claims that Plaintiff has made statements in State Court that are inconsistent with the statements that it makes to this Court, and further, Plaintiff's claims are not yet ripe. (Dkt. 8). The facts that Plaintiff alleges regarding Defendant-Nakamoto's supposed false statements need to be decided by a jury before Plaintiff can allege them as true. (Dkt. 8). Finally, Defendant Stone-Management alleges that Plaintiff's complaint is based on insufficient facts and speculation, and there is not yet an actual, present dispute that can be resolved by a

declaratory judgment. (Dkt. 8).

On or about September 4, 2009, Plaintiff responded to Defendant-Stone Management's Motion to Dismiss. (Dkt. 10). In that response, Plaintiff reasserts the allegations that it made in its complaint and asserts that there is a factual dispute over whether or not misrepresentations were made on the policy application. (Dkt. 10). Plaintiff claims that this shows that there is indeed a real and present dispute, which necessitates a declaratory action. (Dkt. 10). Plaintiff also claims that this case is ripe for a declaratory judgment because while this case is pending, Plaintiff must still come up with defenses for Defendants, even though Plaintiff asserts that it should be allowed to rescind the policy, which is the subject its complaint for declaratory judgment. (Dkt. 10). Plaintiff also responds to Defendant-Stone Management's argument that this action would be better suited for a state court by citing that a federal district court has broad discretion in determining whether to retain a declaratory judgment motion. (Dkt. 10).

On or about September 15, 2009, Defendant-Sharon Petrick filed a Motion to Dismiss Complaint. (Dkt. 12). In that motion, Defendant-Sharon Petrick substantively made the same allegations that Defendant-Stone Management made in its Motion to Dismiss Complaint, including: (1) a complete denial of any wrongdoing; (2) failure to state a cause of action; (3) the fact that the case is not yet ripe; (4) Plaintiff has based its facts on allegations and speculation; and (5) there is not yet an actual and present dispute on which a court could grant a declaratory judgment. (Dkt. 12).

On or about September 15, 2009, Plaintiff filed a Response to Sharon Petrick's Motion to Dismiss. (Dkt. 15). Because the arguments made in Defendant-Sharon Petrick's Motion to Dismiss were substantively the same as Defendant-Stone Management's Motion to Dismiss, Plaintiff adopted by reference its Response to Stone Management's Motion to Dismiss, Document 10. (Dkt. 15).

On or about October 19, 2009, Defendant-Gerd Petrick made a Motion to Dismiss Complaint. (Dkt. 19). In that motion, Defendant-Gerd Petrick made substantively the same arguments that Defendant-Stone Management and Defendant-Sharon Petrick made, including: (1) a complete denial of any wrongdoing; (2) failure to state a cause of action; (3) the fact that the case is not yet ripe; (4) Plaintiff has based its facts on allegations and speculation; and (5) there is not yet an actual and present dispute on which a court could grant a declaratory judgment. (Dkt. 19).

On or about November 2, 2009, Plaintiff filed its Response to Gerd Petrick's Motion to Dismiss Complaint. (Dkt. 20). Because the arguments made in Defendant-Gerd Petrick's Motion to Dismiss were substantively the same as Defendant-Stone Management's Motion to Dismiss, Plaintiff adopted by reference its Response to Stone Management's Motion to Dismiss, Document 10. (Dkt. 20).

## **STANDARD OF REVIEW**

A motion to dismiss a complaint may be made on the basis that it "fails to state a claim upon which relief can be granted." See Fed. R. Civ. Pro. 12(b)(6). In order to withstand a motion to dismiss, the complaint must include "a short and plain statement of

the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). However, "a Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions" and "factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, this Court is compelled to consider "not whether a Plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." Brandt v. Bassett, 69 F.3d 1539, 1550 (11th Cir.1995).

Upon reviewing a complaint, this Court must view the complaint in the light most favorable to the non-moving party. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (overruled on other grounds). For purposes of a 12(b)(6) motion to dismiss, this Court must presume the factual allegations of a complaint are true, and this Court must liberally construe them in order to grant the Plaintiff "the benefit of all inferences that can be derived from the facts alleged." Browning v. Clinton, 292 F.3d 235, 242 (D.C.Cir.2002). Detailed factual allegations are not required in order to survive a 12(b)(6) motion to dismiss. Twombly, 550 U.S. at 553. However, the Plaintiff's mere "formulaic recitation of the elements of a cause of action will not do." Id.

The Declaratory Judgment Act states that a declaratory judgment may be sought in an effort to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." See 28 U.S.C. § 2201. In fact, "[t]he Declaratory Judgment Act allow[s] relief to be given by way of recognizing the plaintiff's right even though no immediate enforcement of it was asked."

Skelly Oil Co. v. Phillips Oil Co., 339 U.S. 667, 672 (1950). Further, the Declaratory Judgment Act "specifically provides that a declaratory judgment may be issued only in the case of an actual controversy. Based on the facts alleged, there must be a substantial continuing controversy between two adverse parties." Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1347 (11th Cir. 1999). Further, that controversy "may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury." Id. (internal quotations omitted). In order to have a successful claim for a declaratory judgment, the proponent "must assert a reasonable expectation that the injury they have suffered will continue or will be repeated in the future." Id.

However, the Supreme Court has also determined that "[a]lthough the District Court ha[s] jurisdiction under the Federal Declaratory Judgments Act, it [is] under no compulsion to exercise that jurisdiction." Brillhart v. Excess Ins. Co. Of America, 316 U.S. 491, 494 (1942) (internal citations omitted). The Court has also noted that a district court "should ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed by the applicable substantive law, can better be settled in the proceeding pending before the state court." Id. at 495. Further, "this may entail an inquiry into the scope of the pending state court proceeding and nature of defenses open there. The federal court may have to consider whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined whether such parties are amenable to process in that

proceeding." Id. However, the Court later determined that an inquiry into the substantive law of the state would likely be enough. Id.

Florida state law does allow for a declaratory judgment remedy. See F.S. § 86.011 (2009) (stating that "[t]he circuit and county courts have jurisdiction within their respective jurisdictional amounts to declare rights, status, and other equitable or legal relations whether or not further relief is or could be claimed"). Further, when a Florida court declares rights, then that declaration has the effect of a final judgment. Id. Florida also has enacted a statute of which "[i]ts purpose is to settle and to afford relief from insecurity and uncertainty with respect to rights, status, and other equitable or legal relations and is to be liberally administered and construed." F.S. § 86.101 (2009). The Florida Supreme Court has determined that "[i]n its inception, the purpose of the declaratory judgment was to serve as an instrument of preventive justice, to render practical help in determining issues, and to adjudicate the rights or status of parties, without the peril of committing a crime or resorting to violence or breach to put the legal machinery in motion." Sheldon v. Powell, 128 So. 258, 262 (Fla. 1930) (internal quotations omitted).

## DISCUSSION

Defendants all seek to dismiss Plaintiff's Complaint for declaratory judgment in its entirety on the grounds that Plaintiff's complaint is based on facts that are speculative and have not been proven with evidence yet; in short, Defendants all claim that Plaintiff has failed to state a claim on which relief may be granted. (Dkt. 8, 10, 12).

All Defendants assert in their motions to dismiss that the allegations that Plaintiff made in its complaint for declaratory judgment. (Dkt. 8, 10, 12). However, when an opponent moves to dismiss for failure to state a claim, the facts must be viewed in the light most favorable to the non-moving party. Scheuer, 416 U.S. at 236. Viewing the facts in the light most favorable to the Plaintiff, Defendants made misrepresentations on their insurance application; if Plaintiff had been aware of these misrepresentations, Plaintiff would not have approved the insurance application; alternatively, Defendant-Nakamoto had reason to know at the time of the policy application the circumstances that would give rise to her subsequent lawsuits. (Dkt. 1). Taking these facts as true could lead to a recission of the policy agreement, of which a declaratory judgment could be a basis for that relief.

However, Plaintiff and Defendants in reality disagree as to whether a misrepresentation was made on the application for the policy agreement. This indicates that there is a substantial and continuing controversy, which is a necessary element of a declaratory judgment. Malowney, 193 F.3d at 1347. Because of this controversy, a reviewing court could determine that Plaintiff is entitled to a declaratory judgment.

Because the underlying action, Defendant-Nakamoto's lawsuit, is pending, Plaintiff needs to continue providing a defense for Defendant-Stone Management, Defendant-Sharon Petrick, and Defendant-Gerd Petrick during the pendency of that suit. (Dkt. 1). This demonstrates that there is a real and continuing controversy between the

adverse parties, which could be resolved by the grant of a declaratory judgment. Malowney, 193 F.3d at 1347. Further, this controversy is not one that would create a speculative injury– as Defendant-Nakamoto's case is pending, Plaintiff still has a real duty to defend, which requires spending real time and money on that defense. Id.

The foregoing indicate that Plaintiff has sufficiently complained facts on which relief– a declaratory judgment– could be granted.

However, while the above is true, a federal district court does have broad discretion when determining whether or not to hear a claim for declaratory judgment. Brillhart, 316 U.S. at 494. Because the Defendants all have claims that are pending in Florida state court, and in an effort to maximize judicial economy, this claim for declaratory judgment is best suited for the same court in which the original claims stem; in this case, Florida state court. As such, this court declines jurisdiction, because the Florida state court would be a better forum because the claims may be consolidated there. Further, the Plaintiff still has the same grounds for its claims under substantive Florida law.

## **CONCLUSION**

While Plaintiff's Complaint properly make claims for relief under applicable federal law, because a federal court has broad discretion to hear a case when there are related state court claims pending, Plaintiff's request for relief would be better suited to be brought before a state court. Accordingly, it is

**ORDERED** that Stone Management's Motion to Dismiss (Dkt. 8), Sharon

Petrick's Motion to Dismiss (Dkt. 10), and Gerd Petrick's Motion (Dkt. 12) to Dismiss be **DENIED** but the Court declines to hear the suit here, as it is better suited for the state court action. The Clerk of the Court is directed to close this case and terminate any other pending motions.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 19th day of November, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.